UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| Respondent,  ) | |
| v.  ) | No. 2:11-CR-55(03) |
| )  | |
| BILLY TAYLOR,  ) | |
| Petitioner.  ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's motion for a reduction of sentence, [Doc. 426]. The defendant requests a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10 as amended by Amendments 780 and 782 to the United States Sentencing Guidelines. The United States has responded and acknowledges the defendant is eligible for a reduction in sentence but defers to the Court's discretion whether and to what extent to reduce defendant's sentence, [Doc. 428]. The motion for sentence reduction, [Doc. 426], is GRANTED IN PART.

The defendant was convicted of participating in a conspiracy to distribute and to possess with the intent to distribute 500 grams or more of cocaine, 50 kilograms or more of marijuana, and a quantity of oxycodone in violation of 21 United States Code §§ 846, 841(b)(1)(B), 841(b)(1)(C). The defendant was also convicted of participating in a conspiracy to conduct or attempt to conduct a financial transaction affecting interstate commerce in violation of 18 United States Code § 1956(h). The defendant was held accountable for the equivalent of 694 kilograms of marijuana, resulting in a base offense level of 30. The base offense level was increased by two levels because the defendant was convicted pursuant to § 1956 and then decreased by three levels pursuant to USSG § 3E1.1(a) & (b) (acceptance of responsibility), resulting in a total offense level of 29. The defendant's criminal history category was VI, resulting in an advisory guideline range

1

of 151 months to 181 months. The United States filed a motion for downward departure pursuant to USSG § 5K1.1, which the Court granted, and the defendant was sentenced to 144 months' imprisonment, a 5-percent reduction from the bottom of the defendant's guideline range.

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). Title 18 United States Code § 3582(c)(2), however, gives a district court authority to modify a term of imprisonment that has been imposed on a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission," 18 U.S.C. § 3582(c), through a retroactively applicable amendment such as Amendment 782. *Id.*; USSG § 1B1.10. The Court may reduce the term, "after considering the factors set forth in § 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 identifies the guideline amendments that may be applied retroactively, and sets out the factors for deciding a sentence reduction motion under § 3582(c). The Supreme Court has made clear that § 3582 does not require a sentencing or resentencing proceeding, but gives courts the power to reduce an otherwise final sentence under circumstances established by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817 (2010); *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010); USSG § 1B1.10, cmt. background (noting that a reduction under § 1B1.10 is discretionary and "does not entitle a defendant to a reduced term of imprisonment as a matter of right").

Section 3582(c)(2) establishes a two-step inquiry: First, the court must determine whether the defendant is eligible for a sentence reduction. If he is, the court must then consider whether,

in its discretion, the authorized reduction is warranted in whole or in part under the circumstances. *Dillon*, 130 S. Ct. at 2691-92; *United States v. Greenwood*, 521 Fed. App'x 544, 547 (6th Cir. 2013). In exercising its discretion, the court is required to consider public safety factors and is permitted to consider post-sentencing conduct in deciding whether a reduction in the defendant's term of imprisonment is warranted. USSG § 1B1.10, cmt. (n. 1(B)(ii)-(iii)). Thus, the district court is required to consider both the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment." *Curry*, 606 F.3d at 330 (quoting USSG § 1B1.10, cmt. n. 1(B)(ii)).

The defendant requests an amended sentence of 120 months. The defendant argues that his amended guideline range is 120 months to 150 months based on an amended total offense level of 26 and a criminal history category of VI. However, it appears that the defendant is mistaken regarding his 5K motion for substantial assistance. While the Court may have granted the 5K motions in term of reducing the range by "one-level" at sentencing, the reduction in the retroactive amendment reductions are calculated based on the percentage difference from the bottom of the original guideline range to the original imposed sentence. The defendant received a five-percent reduction from the bottom of his original guideline range of 151 to 188 months, resulting in a sentence of 144 months' imprisonment.

Here, based on the USSG amendments, the defendant's amended base offense level is 28. This base offense level is increased by two levels based on the defendant's § 1956 conviction and decreased by three levels pursuant to USSG § 3E1.1(a) & (b) (acceptance of responsibility), resulting in an amended total offense level of 27. An offense level of 27 combined with a criminal history category of VI results in an amended guideline range of 130 to 162 months'

imprisonment.  A five-percent reduction from the bottom of the amended guideline range results in an amended sentence of 124 months' imprisonment.

    ENTER:

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE